IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaleel Tray Twon Miller, ) | |
| ) | C/A No. 4:21-467-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Reginald Keith Gadson, S.C.D.C. ) | |
| Correctional Officer; and Nurse Shayla L. ) | **ORDER AND OPINION** |
| Evans, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jaleel Tray Twon Miller is an inmate in custody of the South Carolina Department of Corrections ("SCDC") who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. At the time of the underlying events, Plaintiff was incarcerated at Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. Defendants Keith Gadson and Shayla L. Evans are or were employed by SCDC at LCI. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On February 12, 2021, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Eighth Amendment. Plaintiff states that on the evening of March 13, 2019, Defendant Evans, accompanied by Defendant Gadson, was distributing medications. LCI was on lockdown status, so medications were distributed through a feeding flap. Plaintiff extended his hand out the feeding flap to receive his medication. Plaintiff then asked Defendant Evans to provide him with a snack, which Plaintiff asserts is required to be taken in conjunction with his medication. Defendant Evans refused several times to provide Plaintiff with a snack. At some point,

Defendant Gadson grabbed Plaintiff's left arm, twisted it backwards, then closed the feeding flap on Plaintiff's arm. Plaintiff alleges that Defendant Gadson pulled Plaintiff's left arm through the feeding flap and proceeded to stab his arm and hand multiple times with an ink pen. Plaintiff states he used his right hand in an attempt to pull his arm out of Defendant Gadson's grip, whereupon Defendant Gadson commenced stabbing Plaintiff's right hand with his pen. Plaintiff states he finally fell back onto his cell floor. Defendant Gadson then allegedly administered a burst of chemical munitions and closed the feeding flap. Plaintiff states that Defendant Evans witnessed the alleged attack. Plaintiff was escorted to the medical unit and treated that evening and again the next day.

Plaintiff asserts that Defendant Gadson eventually was arrested and charged by the Dorchester County Police Department. Plaintiff states he has suffered from nerve damage, pain and suffering, and mental health issues as a result of the alleged attack.

On August 10, 2021, Plaintiff filed an amended complaint wherein he added a claim under the Fourteenth Amendment regarding Defendant Evans. Plaintiff alleges Defendant Evans's failure to provide him with a snack violated SCDC mental health policy. Plaintiff states that he has refused to continue his evening medications. He also asked to be returned to the general population because his paperwork and mail have been stolen or lost and his mail tampered with. Plaintiff contends he has been threatened with pens by other inmates and correctional officers and that he has been labeled as a snitch as result of filing the within lawsuit. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

This matter is before the court on Defendants' motion for summary judgment, which motion was filed on November 16, 2021. On November 18, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible

consequences if he failed to respond adequately. Plaintiff filed a response in opposition on December 27, 2021, to which Defendants filed a reply on January 4, 2022. Plaintiff filed a surreply on February 10, 2022.

On June 29, 2020, the Magistrate Judge entered a Report and Recommendation in which he recommended summary judgment be granted regarding Plaintiff's Fourteenth Amendment claim against Defendant Evans because Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge further recommended summary judgment be denied with respect to Plaintiff's Eighth Amendment claim against Defendant Gadson.[1] No parties filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the detailed Report and

---

[1]The Magistrate Judge also found that Plaintiff had exhausted his administrative remedies and that Defendant Gadson was not entitled to qualified immunity.

Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 83) is **granted in part** as to Plaintiff's § 1983 claims against Defendant Evans. Defendants' motion for summary judgment is **denied in part** as to Plaintiff's claims against Defendant Gadson. The case will be placed on a trial roster in due course.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

August 8, 2022.